**IT IS ORDERED as set forth below:**



Date: November 14, 2022

_____
Paul W. Bonapfel
U.S. Bankruptcy Court Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 03-51120-pwb |
| | : | |
| Landas Dominick Diddle and | : | |
| Susan Ann Diddle,    Debtors. | : | Chapter 13 |
| | : | |

## ORDER ON APPLICATION FOR UNCLAIMED
## FUNDS OF SELECT PORTFOLIO SERVICING, INC.

No one claimed distributions in the amount of $ 4,290.92 that the Trustee made in this case on account of a proof of claim (Claim No. 2) filed by Fairbanks Capital Corporation ("Fairbanks"). Accordingly, the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a).

Select Portfolio Servicing, Inc. ("Creditor") has filed an application for payment of the unclaimed funds to it, as the successor by name change to Fairbanks. [46].

The proof of claim asserts that it is a claim for a prepetition arrearage due on a note secured by real estate. Attached to the proof of claim is a copy of a security deed with regard to

property in Bartow County, Georgia. The debtor's schedules A and D [1] reflect that the property is commonly known as 476 Pleasant Valley Road, Adairsville, Georgia 30103.

The Debtors completed payments to cure the arrearage under their confirmed Chapter 13 Plan, and the Trustee's Final Report and Account shows that the arrearage claim was paid in full. [43].

Section 347(a) provides for the disposition of unclaimed funds paid into the Court's registry under chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. *See Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002).

Under statutory requirements and due process principles, the Court has the duty make sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements before authorizing the disbursement of unclaimed funds to an applicant. *In re Applications for Unclaimed Funds,* 341 B.R. 65 (Bankr. N.D. Ga. 2005).

A creditor applying for unclaimed funds must affirmatively show that it has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006). A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor is current without regard to the arrearage payment through the Chapter 13 case that the creditor has not claimed. Thus, an applicant seeking unclaimed funds due to distributions that were made on account of a secured claim must show

that the debt has not been satisfied (through payment or foreclosure) and that an amount is currently due and payable to which the unclaimed funds may lawfully be applied.

The Creditor's application contains no information from which the Court can determine that a debt still exists. In the 14 years since the closing of this case on June 20, 2022, it is quite possible that the Debtors satisfied the Creditor's note and security deed through a sale or refinancing of the property and that the amount they paid upon sale or refinancing included the arrearage that they had paid through their plan. It is also possible that the Creditor foreclosed on the property and has no claim for a deficiency because it did not confirm the foreclosure sale. Finally, it is conceivable that the Debtors may have paid the arrearage (again) after closing of the bankruptcy case, even though as a matter of law the payment of the arrearage under the plan made that unnecessary and the Creditor's receipt of any such payments would have been improper.

In any of these circumstances, it would appear that the Debtors, not the Creditor, would be entitled to the unclaimed funds.

The Court declines to permit disbursement of the unclaimed funds to the Creditor without information showing that a balance remains due and owing on the note, that it is entitled to collect the remaining balance, and that it has not otherwise received payment of the arrearage. The information should include properly authenticated records that show the remaining balance that the Debtors currently owe and an accounting of payments due and received on the note since the filing of this case on September 11, 2003.

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1. The application is denied, without prejudice.

2. Any further application by the Creditor must be served in accordance with Rule 7004

of the Federal Rules of Bankruptcy Procedure on the Chapter 13 Trustee identified below[1] and on the Debtors, accompanied by a certificate of service that establishes that addresses for service on the Debtors are current.

3. If the Debtors contend that they are entitled to the unclaimed funds, they may file an application for disbursement to them. Any application by the Debtors shall be served in accordance with Rule7004 of the Federal Rules of Bankruptcy Procedure on the Chapter 13 Trustee and on the Creditor to the person identified below who filed the application on behalf of the Creditor.

**[END OF ORDER]**

**This Order was not prepared for publication and is not intended for publication.**

**Distribution List:**

Select Portfolio Servicing, Inc.
Attn: Jay Ehrlich
3217 Decker Lake Drive
W. Valley City, UT  84119

Brian R. Cahn
222 East Main Street
Cartersville, GA  30120

K. Edward Safir
Chapter 13 Trustee
285 Peachtree Center Ave NE
Suite 1600
Atlanta, GA  30303

Landas Diddle
149 Mayflower Cir.
Cartersville, GA  30120

Susan Ann Diddle
4288 Joe Frank Harris Parkway
Adairsville, GA  30103

Landas Diddle
476 Pleasant Valley Rd NW
Adairsville, GA  30103

Susan Ann Diddle
476 Pleasant Valley Rd NW
Adairsville, GA  30103

---

[1] Mary Ida Townson was the Chapter 13 Trustee in this case and was discharged upon the filing of her final accounting. Ms. Townson has since resigned to accept the position of United States Trustee for Region 21, and K. Edward Safir was appointed to serve in cases in which she was the Chapter 13 Trustee.

4